**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KIM PIERCE,<br><br>Plaintiff,<br><br>v.<br><br>PRESSLER, FELT & WARSHAW, LLP, *et al.*,<br><br>Defendants. | No. 25-cv-18979<br><br>**OPINION & ORDER** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Kim Pierce brings this action against Defendant Pressler, Felt & Warshaw ("PFW") alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), as well as common law claims of fraud and fraudulent inducement. *See generally* First Amended Complaint, ECF No. 11 (the "FAC"). Before the Court is PFW's Motion to Dismiss (the "Motion"), ECF No. 13, which the Court decides without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated herein, the Motion is **ADMINISTRATIVELY TERMINATED** and this action is **STAYED**.

## I. BACKGROUND

The Court accepts the following as true for the purposes of resolving the Motion. Pierce alleges that she incurred debt (the "Debt") from WebBank, and through a series of financial transactions, the Debt was ultimately transferred to LVNV Funding, LLC ("LVNV"). FAC ¶¶ 23, 30, 40, 56. Avant, LLC ("Avant") serviced the Debt but lacked a consumer lender license, thereby rendering the Debt void and unenforceable because Avant's attempts to collect the Debt violated the New Jersey Consumer Finance Lending Act, N.J. Stat. Ann. 17:11C-1 *et seq.* ("NJCFLA"). *Id.* ¶¶ 43, 52-55. As a result, Pierce alleges, the Debt was void *ab initio* before it came within LVNV's control. *Id.* ¶ 58.

On December 23, 2024, LVNV, through its counsel PFW, filed suit against Pierce in the Superior Court of New Jersey, Essex County, to collect the Debt (the "Collection Action").[1] *See id.* ¶ 67; Dicicco Decl. ¶ 2, ECF No. 13-1. Counsel has represented that the Collection Action remains pending. Dicicco Decl. ¶ 10. Plaintiff commenced the present

[1] The Court takes judicial notice of docket entries from the Collection Action. *See Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008) (per curiam). The Motion's accompanying declaration of counsel, ECF No. 13-1, attaches the complaint from the Collection Action. Diccio Decl. Ex. 1, ECF No. 13-2. Plaintiff does not dispute its authenticity.

action in December 2025, ECF No. 1, and filed the FAC in May 2026.[2] ECF No. 11. The Motion followed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires a court to grant dismissal if it lacks subject matter jurisdiction to hear a claim. If a plaintiff lacks standing, then the court lacks jurisdiction. While Defendant does not argue that dismissal is warranted for lack of standing, the Court must still consider whether Plaintiff has standing to bring her claims. *George v. Rushmore Serv. Ctr., LLC*, 114 F.4th 226, 234 (3d Cir. 2024) (instructing that "[s]tanding is a threshold jurisdictional requirement, and [courts] have a bedrock obligation to examine their own subject matter jurisdiction"). Because the Court's standing inquiry is best categorized as a facial challenge, it "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (citation modified); *Potter v. Cozen O'Connor*, 46 F.4th 148, 152 (3d Cir. 2022).

## III. DISCUSSION

To establish standing, Pierce must show: "(1) an injury-in-fact; (2) that is fairly traceable to the defendant's challenged conduct; and (3) that is likely to be redressed by a favorable judicial decision." *Huber v. Simon's Agency, Inc.*, 84 F.4th 132, 144 (3d Cir. 2023) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 590 (1992)). The harm alleged must be concrete, rather than abstract. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021) (explaining that monetary loss is a concrete injury).

At the outset, the Court notes the similarities between the instant action and *Reeves v. Pressler, Felt & Warshaw*, No. 25-cv-17071, 2026 WL 1587257, at *1 (D.N.J. June 3, 2026). In both cases, plaintiffs allege that they have suffered an injury due to a third party's attempts to collect a void debt. *Compare* FAC ¶ 85 (describing how the Debt's voidness violates the NJCFLA), *with Reeves*, 2026 WL 1587257, at *1 ("[Reeves] alleges that the debt was void ab initio, yet [PFW] attempted to enforce the debt nonetheless"). And as Pierce does here, Reeves alleged that she suffered "emotional damages" and expended "personal time and resources" to defend against the Collection Action. *Compare* FAC ¶¶ 91-93, *with Reeves*, 2026 WL 1587257, at *1-*2.

This Court's reasoning in *Reeves* applies with equal force to the Motion. *See also Singer v. Faloni L. Grp., LLC*, No. 26-cv-2329, ECF No. 6 (D.N.J. July 7, 2026) (ordering, in a case involving similar facts and the same counsel, a stay pending the underlying collection action). Pierce's asserted injury stems from the Collection Action: if LVNV filed the Collection Action to collect a void debt, then that has caused Pierce to experience harm.

---

[2] Plaintiff initially requested a stay of this case pending the disposition of *Diana v. LVNV Funding LLC*, 260 N.J. 313 (2025). *See* ECF No. 6. After Defendant filed its initial motion to dismiss, ECF No. 4, Plaintiff filed the FAC. The Court, in response, administratively terminated that motion. ECF No. 12. While Plaintiff never renewed her request for a stay, the Court notes that the Supreme Court of New Jersey has since decided *Diana*. *See Diana v. LVNV Funding LLC*, --- A.3d ----, 2026 WL 1965697, at *1 (N.J. July 8, 2026) (concluding that there is no private right of action under the NJCLFA). The Court does not take a position on how, if at all, *Diana* affects Plaintiff's claims in this action.

*See* FAC ¶¶ 82-95. Just as in *Reeves*, however, the Court cannot yet determine whether Pierce has standing to sue. *See Reeves*, 2026 WL 1587257, at *2; *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 297-98 (3d Cir. 2003) (finding no standing where plaintiffs' injuries could only be described by "beginning the explanation with the word 'if'"). This is because the court in the Collection Action has yet to determine if the Debt is, in fact, void. *See* Def.'s Br. 1, ECF No. 13-27 (noting that Plaintiff argues both here and in the Collection Action that the Debt is void under the NJCFLA). Until this determination, the Court concludes that a **STAY** of this action is appropriate.

## IV. CONCLUSION

For these reasons, it is hereby **ORDERED** that:

This case is **STAYED** pending the outcome of the underlying state court proceedings in *LVNV Funding LLC v. Pierce*, No. ESX DC-033178-24 (N.J. Super. Ct. Law Div.) (the "Collection Action"); and it is further

**ORDERED** that the Motion is **ADMINISTRATIVELY TERMINATED**; and it is further

**ORDERED** that within fourteen (14) days of the issuance of judgment in the Collection Action, Defendants shall notify the Court of their intent to renew the Motion and shall attach the underlying judgment, along with any accompanying opinion from the state court.

Date: August 18, 2026

**WILLIAM J. MARTINI, U.S.D.J.**